UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DA LUGO INVESTMENT, LLC
d/b/a CHARLEYS AMERICAN BAR
AND RESTAURANT,

    CASE NO.: _____

    Plaintiff,

vs.

MT. HAWLEY INSURANCE COMPANY,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Mt. Hawley Insurance Company ("Mt. Hawley"), by and through undersigned counsel, hereby files this Notice of Removal of this action from the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida to the United States District Court for the Middle District of Florida, Tampa Division, the district and division in which the 13th Judicial Circuit is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§1441 and 1446. In support hereof, Mt. Hawley respectfully shows this Court:

1. On October 28, 2022, Da Lugo Investment, LLC d/b/a Charleys American Bar and Restaurant ("Plaintiff") commenced an action against Mt. Hawley in the 13th Judicial Circuit in and for Hillsborough County, Florida, entitled *Da Lugo Investment, LLC d/b/a Charleys American Bar and Restaurant v. Mt. Hawley Insurance Company*, pending as CASE NO. 22-CA-009043 (the "State Court Case"). *See* Complaint, **Exhibit "B."**

2. On November 1, 2022, Mt. Hawley's registered agent was served with the Summons and Complaint in the State Court Case. As such, removal is timely because thirty (30) days have not elapsed since Mt. Hawley first received Plaintiff's Complaint, as required by 28 U.S.C. §1446(b).

3. A copy of this Notice of Removal will be filed with the State of Florida Circuit Court in Hillsborough County, and a copy of this Notice of Removal will also be served on Plaintiff.

4. In accordance with Local Rule 1.06, a legible copy of each paper docketed in the state court case, a copy of the state court docket sheet, a complete list of all counsel of record, as well as an index of such documents are attached hereto as **Exhibits A – F** as follows:

| | |
|---|---|
| **Exhibit A** | An index of matters being filed; |
| **Exhibit B** | All pleadings (the Complaint) asserting causes of action; |
| **Composite Exhibit C** | A legible copy of each paper docketed in the state court case; |
| **Exhibit D** | State Court Case docket sheet; |
| **Exhibit E** | Plaintiff's Civil Remedy Notice demanding policy limit payment of $110,000.00; |
| **Exhibit F** | List of all counsel of record and contact information. |

5. Plaintiff has requested a trial by jury in the State Court Case.

6. Mt. Hawley has filed contemporaneously with this Notice a civil cover sheet.

### Basis for Removal: Diversity

7. This Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332, in that this is a civil action where the matter in controversy exceeds $75,000, and is between citizens of different States.

    **A.** **The amount in controversy exceeds the federal minimum jurisdictional requirements.**

8. Plaintiff's Complaint in the State Court Case contends that the subject property located at 4030 West Waters Ave., Tampa, FL 33614 (the "Property") is insured under a policy of commercial property insurance issued by Mt. Hawley, Policy Number GPD0006243, to Plaintiff Da Lugo Investment LLC. *See* **Exhibit B**, Compl. at ¶¶2 & 3. Plaintiff's Complaint contends that "[w]hile the Policy was in effect and during the Policy period, the Property suffered damage, and

said damage was covered under the Policy. Said damage occurred on or about May 20, 2022, a date of loss within the Policy period." *See* **Exhibit B**, Compl. at ¶8. Plaintiff's Complaint further alleges that Mt. Hawley breached the Policy. *See id.* at ¶¶ 14-18. According to the Complaint, Plaintiff seeks damages of "more than Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorneys' fees." *See id.* at ¶1.

9. On July 20, 2022, and before suit was filed, Plaintiff filed a Civil Remedy Notice of Insurer Violations on the Florida Department of Financial Services website, stating that Plaintiff "suffered a total loss under [Mt. Hawley's] policy of insurance and [ ] request[s] that Mt. Hawley immediately tender all policy limits, including but not limited to the business personal property coverage of $90,000.00 and the business income coverage of $20,000.00." *See* **Exhibit E**, p. 4.

10. Accordingly, while Mt. Hawley is still currently investigating the claim, including the cause of the loss, the amount in dispute exceeds $75,000, exclusive of interest and costs.

### B. There is complete diversity between Plaintiff and Mt. Hawley.

11. Under the diversity statute, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. §1332(c)(1). For purposes of federal diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen; with respect to partnerships, courts look to the citizenship of all partners. *E.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) (limited liability companies); *Cherry Grp., LLC v. D.B. Zwirn Special Opportunities Fund, L.P.*, 2014 WL 2801076, *1 (M.D. Fla. June 19, 2014) (limited liability partnerships).

12. Plaintiff is a Florida limited liability company, its principal place of business is in Florida, and all of its managers and/or members reside in and are citizens of Florida. Thus, Plaintiff is a citizen of the State of Florida.

13. Defendant Mt. Hawley is a corporation organized under the laws of Illinois, with its principal place of business in Illinois. Accordingly, Mt. Hawley is a citizen of the State of Illinois for purposes of determining diversity jurisdiction.

14. Complete diversity exists in this case and removal is proper because Plaintiff is a citizen of Florida and Defendant Mt. Hawley is a citizen of Illinois.

WHEREFORE, Defendant Mt. Hawley Insurance Company prays that the above-described action now pending in the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida, be removed to this Court.

Respectfully submitted,

*/s/ Marcus G. Mahfood*
Marcus G. Mahfood [FBN: 41495]
**CHARTWELL LAW**
100 SE 2nd Street, Suite 2150
Miami, FL 33131
Telephone (305) 372-9044
Fascimile (305) 372-5044
mmahfood@chartwelllaw.com
**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument is being served upon counsel for Plaintiff in accordance with the Federal Rules of Civil Procedure, on this 30th day of November, 2022.

*/s/ Marcus G. Mahfood*
Marcus G. Mahfood