# EXHIBIT B



**null / ALL**
**Transmittal Number: 25830604**
**Date Processed: 11/03/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Jeffrey Fick<br>RLI Corp.<br>9025 N Lindbergh Dr<br>Peoria, IL 61615-1499 |
| **Electronic copy provided to:** | Caysey Glover<br>Christina Dean |

| | |
|---|---|
| **Entity:** | Mt. Hawley Insurance Company<br>Entity ID Number  4398760 |
| **Entity Served:** | Mt Hawley Insurance Company |
| **Title of Action:** | Da Lugo Investment, LLC d/b/a Charley's American Bar and Restaurant vs. Mt. Hawley Insurance Company |
| **Matter Name/ID:** | Da Lugo Investment, LLC d/b/a Charley's American Bar and Restaurant vs. Mt. Hawley Insurance Company (13155938) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Hillsborough County Circuit  Court, FL |
| **Case/Reference No:** | 22-CA-009043 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 11/01/2022 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | FL Chief Financial Officer on 10/31/2022 |
| **How Served:** | Electronic SOP |
| Sender Information: | Smith Thompson Law<br>813-254-1800 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

DA LUGO INVESTMENT, LLC D/B/A CHARLEYS
AMERICAN BAR AND RESTAURANT

PLAINTIFF(S)

VS.

MT. HAWLEY INSURANCE COMPANY

DEFENDANT(S)
_____/

**CASE #:**   **22-CA-009043**
**COURT:**   **CIRCUIT COURT**
**COUNTY:**   **HILLSBOROUGH**
**DFS-SOP #:** 22-000410225

SUMMONS, COMPLAINT, CIVIL COVER SHEET, DIFFERENTIATED CASE MANAGEMENT ORDER,
DESIGNATION OF EMAILS

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the
State of Florida. Said  process was received in my office by ELECTRONIC DELIVERY on Monday,
October 31, 2022 and a copy was forwarded by ELECTRONIC DELIVERY on Tuesday, November 1,
2022 to the designated agent for the named entity as shown below.

      MT HAWLEY INSURANCE COMPANY
      LYNETTE COLEMAN
      1201 HAYS STREET
      TALLAHASSEE, FL 32301

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible
for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court
pursuant to Florida Rules of Civil Procedure, Rule  #1.080**

*Jimmy Patronis*

Jimmy Patronis
Chief Financial Officer

A. LEE LEE SMITH
ATTORNEY
SMITH, KLING & THOMPSON
4725 N. LOIS AVENUE
TAMPA, FL 33614

JD1

## IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,

## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

**DA LUGO INVESTMENT, LLC D/B/A CHARLEY'S**
**AMERICAN BAR AND RESTAURANT**                 Case Number.: **22-CA-009043**
Plaintiff(s)                                    Division K
vs

**MT. HAWLEY INSURANCE COMPANY**
Defendant(s)
                              **SUMMONS**
**THE STATE OF FLORIDA**:
To Each Sheriff of the State:
        **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on defendant(s)

                **MT. HAWLEY INSURANCE COMPANY**
                **C/O JIMMY PATRONIS**
                **200 E GAINES STREET**
                **TALLAHASSE FL 32399**

        Each defendant is required to serve written defenses to the complaint or petition on **LEE SMITH** , plaintiff's attorney, whose address is **SMITH THOMPSON LAW    4725 N LOIS AVE TAMPA FL 33614** within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

**DATED** on October 28, 2022.

Attorney: <u>LEE SMITH</u>                    CINDY STUART
Attorney For: <u>Da Lugo Investment, LLC</u>   CLERK OF THE CIRCUIT COURT
Address: <u>SMITH THOMPSON LAW</u>
<u>4725 N LOIS AVE</u>
<u>TAMPA FL 33614</u>                           CINDY STUART, CLERK


Florida Bar No: <u>31428</u>              22-CA-009043 10/28/2022 11:54:48 AM
                                        Prepared By:Jeannette Torres, Deputy Clerk
                                        P.O. Box 3360          800 E Twiggs St
                                        Tampa, FL 33601        Room 101
                                                               Tampa FL 33602

                                        (813)276-8100


[1]Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the

Florida Rules of Civil Procedure Form 1.902(a), Summons (05/04/2020)

time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con el Coordinador de ADA, Hillsborough County Courthouse, 800 E. Twiggs St., Sala 604, Tampa, Florida 33602, (813)**

Florida Rules of Civil Procedure Form 1.902(a), Summons (05/04/2020)

**272-7040, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

### IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**Si vous êtes une personne handicapée qui a besoin de mesures d'adaptation pour participer à cette procédure, vous avez droit, sans frais pour vous, à une certaine assistance. Veuillez contacter le coordinateur de l'ADA Hillsborough County Courthouse, 800 E. Twiggs St., Salle 604, Tampa, Florida 33602, (813) 272-7040, au moins 7 jours avant votre comparution prévue au tribunal, ou immédiatement après avoir reçu cette notification si le délai avant la comparution prevue est inférieur à 7 jours; si vous êtes malentendant ou avez un trouble de la parole, appelez le 711.**

### Enpòtan

Pwosedi legal yo te pran kont ou. Ou gen 20 jou konsekitif ki soti nan dat konklizyon sa a pou ou ranpli yon repons alekri pou plent sa a nan tribinal sa a. Yon apel telefon ki senp se pa ase pou pwoteje ou. Ou oblije ranpli repons alekri ou a, ak nimewo a dosye pi wo a ak non pati yo ki te nonmen isit la, si ou vle tribinal la tande ka w la. Si ou pa ranpli repons alekri ou nan rele egzije a, ou riske pedi koz la ak sale ou, lajan ou, ak pwopriyete ou yo ka mete men sou pita, san okenn lot avi nan tribinal la. Gen lot obligasyon legal epi ou ka mande sevis imedya yon avoka. Si ou pa konnen yon avoka, ou ka rele yon sèvis referans avoka oswa yon biwo ed legal (ki nan lis nan anye telefon).

Si ou chwazi pou ou soumet yon repons alekri tet ou, ou pral bezwen tou voye oswa voye yon kopi repons ekri ou nan fòm sa a an menm tan an tankou fomalite sa a "Avoka Pleyan/Pwokire a" (Pleyan oswa avoka li) non anba a.

Florida Rules of Civil Procedure Form 1.902(a), Summons (05/04/2020)

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w kab patisipe nan pwosedi sa a, ou gen dwa, san ou pa bezwen peye okenn lajan, pou w jwenn yon sèten èd. Tanpri kontakte Hillsborough County Courthouse, 800 E. Twiggs St., Sal 604, Tampa, Florida 33602, (813) 272-7040, Kòdonatris pwogram Lwa Ameriken pou Moun ki Enfim yo nan Hillsborough County Courthouse, 800 E. Twiggs St., Sal 604, Tampa, Florida 33602, (813) 272-7040, fè sa omwen 7 jou anvan dat ou gen randevou pou parèt nan Tribinal la, oswa fè sa imedyatman apre ou fin resevwa konvokasyon an si dat ou gen pou w parèt nan tribunal la mwens pase 7 jou; si ou gen pwoblèm pou w tande byen oswa pou w pale klè, rele 711.**

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION**

DA LUGO INVESTMENT, LLC D/B/A          CASE NO.:  22-CA-009043
CHARLEY'S AMERICAN BAR AND
RESTAURANT,

          Plaintiff,

v.

MT. HAWLEY INSURANCE COMPANY,

          Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, the Plaintiff, **DA LUGO INVESTMENT, LLC D/B/A CHARLEY'S AMERICAN BAR AND RESTAURANT**, (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against the Defendant, **MT. HAWLEY INSURANCE COMPANY,** (hereinafter referred to as "Defendant"), and as grounds therefore states as follows:

## JURISDICTION AND VENUE

1.     This is an action for breach of contract with damages more than Thirty Thousand Dollars ($30,000.00), exclusive of interest, costs, and attorneys' fees.

2.     At all material times hereto, Plaintiff was a Florida resident owning real property located at **4030 West Waters Avenue, Tampa, FL 33614** (the "Property").

3.     The policy of insurance bearing number **GPD0006243** at issue (the "Policy") was written by Defendant and was issued by Defendant in the State of Florida, for the property located at **4030 West Waters Avenue, Tampa, FL 33614** (the "Property"). A true and correct copy of the policy is in the sole custody of Defendant, which has been requested through

discovery served contemporaneously with this lawsuit, and which is incorporated into these pleadings.

4.      At all material times hereto, Defendant was a corporation duly licensed to transact insurance business in the State of Florida.   Defendant does business, has offices, and/or maintained agents for the transaction of its customary business in the State of Florida.

5.      Jurisdiction and venue are proper in **HILLSBOROUGH** County, Florida.

## GENERAL ALLEGATIONS

6.      The Insured sought commercial insurance from Defendant, to cover the Property. Defendant issued the Policy, providing coverage to protect against damage, which Plaintiff has requested though discovery served contemporaneously with this Complaint, and which is incorporated into these pleadings.

7.      Plaintiff has paid all premiums on the Policy, and the Policy was in full force and in effect at all relevant times herein.

8.      While the Policy was in effect and during the Policy period, the Property suffered damage, and said damage was covered under the Policy. Said damage occurred on or about **May 20, 2022**, a date of loss within the Policy period.

9.      The damage to their Property was caused by a covered peril under the Policy.

10.     The damage to Plaintiff's property is accidental, continuing in nature, and covered under the Policy.

11.     Plaintiff duly made an application for insurance benefits under the Policy, but Defendant has failed and refused to pay Plaintiff the benefits to which they are entitled for the loss.

12.     As a result of Defendant's refusal to pay the losses sustained by Plaintiff, Plaintiff has retained the services of the undersigned attorney and they are obligated to pay a reasonable fee for services thereof.  Plaintiff is entitled to attorneys' fees in this action pursuant to §627.428 Florida Statutes.

<u>**COUNT I – BREACH OF CONTRACT AGAINST DEFENDANT**</u>

13.     Plaintiff re-alleges paragraphs 1-12 and incorporates the same by reference herein.

14.     Defendant issued the **DA LUGO INVESTMENT, LLC D/B/A CHARLEY'S AMERICAN BAR AND RESTAURANT** a commercial insurance policy for the property with policy number **GPD0006243**, covering the Property, which was in full force and effect when the Property suffered damage associated with the subject **CLAIM NUMBER 00510860.**

15.     Plaintiff has complied with all conditions precedent to entitle Plaintiff to recover under the policy, or in the alternative, the conditions have been waived.

16.     Despite demand for payment, Defendant has failed or refused to pay all damages, which are owed under the policy.

17.     Defendant's refusal to reimburse Plaintiff for the reasonable amount for services provided, and otherwise make Plaintiff whole, is a breach of contract.

18.     Plaintiff has been damaged as a result of Defendant's breach in the form of insurance proceeds that have not been paid, interest, costs, and attorney's fees.

20.     As a result of Defendant's breach of contract, it has become necessary that Plaintiff retain the services of the undersigned attorney.  Plaintiff is obligated to pay a reasonable fee for the undersigned attorney's services in bringing this action, plus necessary costs.

21.     Plaintiff is entitled to the insurance proceeds due and owing. Plaintiff seeks the following damages: (a) the full cost for remediation and/or repair of the property; (b) damages including court costs, attorneys' fees under Fla. Stat. § 627.428, expert fees and costs and pre-judgment interest; (c) any other benefit available under the policy; and (d) any other consequential damages which flow naturally from the above-described breach.

22. Plaintiff demands a trial by jury on all issues in Count I.

WHEREFORE, Plaintiff, **DA LUGO INVESTMENT, LLC D/B/A CHARLEY'S AMERICAN BAR AND RESTAURANT**, demands judgment against Defendant/Insurer, **MT. HAWLEY INSURANCE COMPANY**, for:

A.      All damages to which Plaintiff is entitled, including all unpaid bills and benefits available under the Policy of insurance;

B.      Pre-judgment interest;

C.      Court costs, expert fees, and attorneys' fees pursuant to Fla. Stat. §§ 57.041, 92.231, and 627.428; and

D.      Any such other and further relief that this Court deems just and reasonable.

By:     __/s/ *A. Lee Smith*_____
                    *Smith Thompson Law*
                    A. Lee Smith, Esquire
                    FBN: 031428
                    Primary Email: jhoffman@smiththompsonlaw.com
                    Secondary Email: gvelasco@smiththompsonlaw.com
                    4725 N. Lois Avenue
                    Tampa, Florida 33614
                    Telephone: 813.254.1800
                    Facsimile: 813.254.1844
                    Attorney for Plaintiff

ALS/

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>THIRTEENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>HILLSBOROUGH</u>   COUNTY, FLORIDA

<u>Da Lugo Investment, LLC d/b/a Charleys American Ba</u>
Plaintiff

Case #   <u>22-CA-009043</u>
Judge   <u>Arkin</u>

vs.
<u>Mt. Hawley Insurance Company</u>
Defendant

## II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☒ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

## III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  <u>1</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ A. Lee Smith Jr.</u>        Fla. Bar # <u>31428</u>
        Attorney or party             (Bar # if attorney)

<u>A. Lee Smith Jr.</u>          <u>10/28/2022</u>
  (type or print name)          Date

**IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

DA LUGO INVESTMENT, LLC

      Plaintiffs,

v.                                 Case Number: 22-CA-009043
                                         Division K

MT. HAWLEY INSURANCE COMPANY

      Defendants.

_____

## DIFFERENTIATED CASE MANAGEMENT ORDER &

## NOTICE OF CASE MANAGEMENT HEARING

## ON 5/19/2023 AT 1:30 PM

## (GENERAL CIRCUIT CIVIL CASES FILED AFTER APRIL 30, 2021)

THIS CAUSE comes before the Court on review of Amendment 12 to Florida Supreme Court Administrative Order AOSC20-23 (the "**Supreme Court Order**").  The Supreme Court Order directs the chief judge of each circuit to issue an administrative order requiring the presiding judge for each civil case to actively manage civil cases in accordance with a differentiated case management process.  Consistent with this requirement, the Chief Judge of the Thirteenth Judicial Circuit issued Administrative Order S-2021-060 (the "**Case Management Plan**") on April 26, 2021.

Accordingly, it is now

**FOUND, ORDERED,** and **ADJUDGED** that:

1. **Designation of Case.**  This case is preliminarily designated as a *General* civil case, as defined by the Supreme Court Order and the Case Management Plan.

2. **Plaintiff's Obligation to Serve DCM Order on All Defendants.**  Consistent with the Case Management Plan, this Differentiated Case Management Order & Notice of Hearing (the "**DCM Order**") has been generated automatically upon the filing of the complaint and will be provided to Plaintiff along with the summons.  Plaintiff is **DIRECTED** to serve the DCM Order on each and every named defendant in the same manner and at the same time as the complaint itself is served.

Filed 10/28/2022 11:54:18 AM Hillsborough County Clerk of the Circuit Court

3. **Conformity with Supreme Court Order's Directive.** The deadlines established in this DCM Order are set in conformity with the Supreme Court Order's directive that General civil cases be managed according to the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

4. **Procedure for Modification of Deadlines.** Counsel or any self-represented parties, or both, may seek to modify the deadlines set forth in this order by either:

   a.  Filing a motion and setting it for hearing; or

   b.  Stipulating to new deadlines and submitting an Amended Differentiated Case Management Order. The Amended Differentiated Case Management Order ("**Amended DCM Order**") form is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org. The Amended DCM Order must include a date for a court-ordered case management conference (the "**Court-Ordered Case Management Conference**"). Hearing time for the Court-Ordered Case Management Conference should be secured on either a Uniform Motion Calendar ("**UMC**") docket or a 15-minute hearing docket.

5. **Procedure for Setting Firm Trial Date When Case is at Issue.** Consistent with the Supreme Court Order's mandate, the deadlines set forth in this DCM Order contemplate a projected trial date within the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B). A firm trial date will be set through entry of a Uniform Order Setting Trial & Pretrial at the Court-Ordered Case Management Conference or as otherwise provided in this order.

6. **Court-Ordered Case Management Conference.** It is appropriate to set a Court-Ordered Case Management Conference prior to the close of fact discovery to both assess the progress of the case and set a firm trial date.

   a.  **Date and Time for Court-Ordered Case Management Set Below.** A date and time for the Court-Ordered Case Management Conference is set below.

   b.  **Method of Conducting Court-Ordered Case Management Conference:** The Court-Ordered Case Management Conference will be conducted remotely through the use of the following technology and connection instructions:

      **Webex: +1-904-900-2303 United States Toll (Jacksonville)**
      **Access Code: 132 878 9681**

   c.  **Attendance Mandated.** Counsel and any self-represented parties **MUST ATTEND** unless otherwise excused by the Court and must be prepared to discuss selection of a firm trial date and corresponding pretrial conference date and time.

Filed 10/28/2022 11:54:18 AM Hillsborough County Clerk of the Circuit Court

Page **2** of **7**

    d.  **Process for Securing Excusal from Attending the Court-Ordered Case Management Conference:**

        i.  **Automatic Excusal.**

           1.  Unless otherwise ordered by the presiding judge, counsel or any self-represented parties, or both, are automatically excused from attending the Court-Ordered Case Management Conference if a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) has been submitted to and signed by the Court at least 30 days before the date of the Court-Ordered Case Management Conference; and

           2.  Any party seeking to invoke this automatic excusal provision should notify the judicial assistant by email sent to the division email address within 3 business days of the date the Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) is signed.

        ii.  **Discretionary Excusal.**

           1.  Counsel or self-represented parties, or both, may seek a discretionary excusal from the Court-Ordered Case Management Conference by filing a motion and submitting an agreed proposed order excusing attendance by the Court on one of the following grounds:

               a.  The Court has signed an Amended DCM Order, either by stipulation or by filing a motion and setting a hearing, <u>AND</u> the Amended DCM Order sets a new Court-Ordered Case Management Conference; or

               b.  Counsel has otherwise demonstrated good cause to believe that the case is otherwise in full compliance with the Supreme Court Order's mandate and the Case Management Plan.

    e.  **Failure to Attend Court-Ordered Case Management Conference.**  The failure to attend the Court-Ordered Case Management Conference may result in the case being set for a trial date without input of the absent counsel or self-represented party, or both; dismissal of the complaint without prejudice; entry of a judicial default; monetary sanctions against counsel or any self-represented parties, or both; or any other sanctions deemed appropriate by the presiding judge.

7.  **Firm Trial Date to be Set by Uniform Order Setting Trial & Pretrial (Revised April 30, 2021).**  Once a firm trial date is selected, counsel will be directed to prepare and submit through the Florida E-Portal (the "**Portal**") a Uniform Order Setting Trial &

Filed 10/28/2022 11:54:18 AM Hillsborough County Clerk of the Circuit Court

Pretrial (Revised April 30, 2021), which is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org. The Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) will require calculation of additional deadlines in a specified manner.

8. **Requirement to Review and Comply with Administrative Order for Circuit Civil Division.** Counsel and any self-represented parties are **DIRECTED** to review and comply with all provisions of the Thirteenth Circuit's Administrative Order S-2021-014 (*Circuit Civil Division*), and any successive administrative order.

9. **Certificate of Conferral for Non-Dispositive Motions.**

   a. **When Required.** Except for a motion (i) for injunctive relief; (ii) for judgment on the pleadings; (iii) for summary judgment; (iv) to dismiss or to permit maintenance of a class action; (v) to dismiss for failure to state a claim upon which relief can be granted; or (vi) to involuntarily dismiss an action, before the moving party or moving party's counsel files any other motion, the party or counsel should confer with the opposing party or opposing counsel in a good faith effort to resolve the issues raised by the motion. The moving party or moving party's counsel should include in the body of the motion a statement certifying that the moving party or moving party's counsel has conferred with the opposing party or opposing party's counsel—either in person, by telephone, or by video conferencing device—and stating whether the party or counsel agree on the resolution of the motion. A certification to the effect that opposing party or opposing party's counsel was unavailable for a conference before filing a motion should describe, with particularity, all of the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the subject motion.

   b. **Cancelation of Hearing/Denial of Motion Filed Without Certificate of Conferral.** Counsel and any self-represented parties should anticipate that a hearing set on a motion that lacks such a certification will be canceled and the motion may be denied without a hearing for failure to comply with this requirement.

   c. **Form of Certificate of Conferral.** The certificate of conferral should be substantially in the following form:

   <u>**Certificate of Conferral Prior to Filing**</u>

   *"I certify that prior to filing this motion, I attempted to resolve the matter by discussing the relief requested in this motion by <u>[date and method of communication (select one of the following: in person, telephone, or video conference)]</u> with the opposing party or counsel and <u>[the opposing party or counsel did not agree to that the motion could be resolved without the necessity of a hearing]</u> OR <u>[the opposing party or counsel did not respond and (describe with*

_particularity all of the efforts undertaken to accomplish dialogue with the_
_opposing party or opposing party's counsel prior to filing the motion)]._"

10. **Discovery Provisions.**

    a. **Fact Discovery.**

        i. All discovery must be served in time for a timely response to be received prior to the deadline for completion of fact discovery.

        ii. All non-expert witness depositions must occur prior to the deadline for completion of fact discovery.

        iii. Failure to timely complete discovery by the deadline for completion of fact discovery may result in, among other things, exclusion of evidence or other sanctions, or both.

    b. **Expert Discovery.**

        i. Expert disclosure must occur by the deadline indicated below.

        ii. Contemporaneous with disclosure of each expert, the disclosing party must provide to all other parties:

            1. No less than five proposed deposition dates, all of which must be prior to the deadline to complete expert discovery; and

            2. For each expert:

                a. Identify the expert's area of expertise;

                b. Identify the subject matter on which the expert is expected to testify;

                c. Summarize the substance of the facts and opinions to which the expert is expected to testify; and

                d. Summarize the grounds for each opinion.

        iii. The court may preclude an expert from testifying outside of the disclosed opinions.

        iv. All expert witness depositions must be conducted prior to the deadline for completion of expert discovery.

v.   It is the responsibility of counsel to select experts who:

1.   Are prepared to make themselves available for deposition within the expert discovery period; and

2.   Are prepared to respond promptly to requests for deposition dates.

vi.   If an expert cannot be deposed prior to the deadline for completion of expert discovery despite timely and reasonable efforts of opposing counsel to secure deposition dates, that expert's testimony may be excluded at trial.

11. **Deadlines.** The deadlines set forth below are **ESTABLISHED** and will **GOVERN** this case and will be strictly enforced by the Court. Counsel and any self-represented parties are **DIRECTED** to review, calendar, and abide by them:

| Action or Event | Date |
|---|---|
| **Complaint filing date.** | 10/28/2022 |
| **Deadline for service of complaint.**<br>[120 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | 2/27/2023 |
| **Deadline for adding parties.**<br>[150 days after filing of complaint; subject to Rule 1.210, Fla. R. Civ. P.] | 3/27/2023 |
| **Deadline for service under extensions.**<br>[180 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | 4/26/2023 |
| **Court-Ordered Case Management Conference.**<br>NOTE:  This hearing will be conducted remotely.  Please see paragraph 6(b) for connection instructions.<br>[210 days after filing of complaint.] | 05/19/2023<br>At<br>1:30 PM |
| **Deadline for completion of fact discovery.**<br>[270 days after filing of complaint.] | 7/25/2023 |
| **Deadline for filing motion to compel   discovery.** | 8/8/2023 |

Filed 10/28/2022 11:54:18 AM Hillsborough County Clerk of the Circuit Court

| | |
|---|---|
| [284 days after filing of complaint.] | |
| **Plaintiff's expert disclosure deadline.** [300 days after filing of complaint.] | 8/24/2023 |
| **Defendant's expert disclosure deadline.** [330 days after filing of complaint.] | 9/26/2023 |
| **Rebuttal expert disclosure deadline.** [344 days after filing of complaint.] | 10/9/2023 |
| **Deadline for completion of compulsory medical exam, if applicable and requested ("CME").** [390 days after filing of complaint; subject to Rule 1.360(1)(A), Fla. R. Civ. P.] | 11/22/2023 |
| **Deadline for completion of mediation or non-binding arbitration.** [420 days after filing of complaint.] | 12/22/2023 |
| **Deadline for completion of expert discovery.** [420 days after filing of complaint.] | 12/22/2023 |
| **Month and year of the projected trial term.** [540 days after filing of complaint; *see* Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B); firm trial date will be set by entry of a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021).] | April, 2024 |

ENTERED by the undersigned judge on the date imprinted below.

22-CA-009043 10/28/2022 11:53:57 AM

Circuit Judge

22-CA-009043 10/28/2022 11:53:57 AM

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION**

**DA LUGO INVESTMENT, LLC D/B/A**　　　**CASE NO.:**　22-CA-009043
**CHARLEY'S AMERICAN BAR AND**
**RESTAURANT,**

　　　　　　**Plaintiff,**

**v.**

**MT. HAWLEY INSURANCE COMPANY,**

　　　　　　**Defendant.**

_____/

**NOTICE OF DESIGNATION OF E-MAIL ADDRESSES
PURSUANT TO FLORIDA RULE OF JUDICIAL ADMINISTRATION 2.516**

The undersigned counsel for Plaintiff, hereby files this Notice of Designation of E-Mail

Addresses Pursuant to Florida Rule of Judicial Administration 2.516, and hereby designates the

following e-mail addresses in connection with the above styled cause:

　　　　　　*Primary E-mail:*　**jhoffman@smiththompsonlaw.com**

　　　　　　*Secondary email:*　**gvelasco@smiththompsonlaw.com**

**[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** a true and correct copy of the foregoing was filed contemporaneously with Plaintiff's Complaint in this matter.

By: _____ /s/ *A. Lee Smith* _____

***Smith Thompson Law***
A. Lee Smith, Esquire
FBN:    0031428
Primary Email: jhoffman@smiththompsonlaw.com
4725 N. Lois Avenue
Tampa, Florida 33614
Telephone: 813.254.1800
Facsimile: 813.254.1844
Attorney for Plaintiff

ALS/jh